## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| **HP INC.**, a Delaware corporation; and **HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.**, a Texas limited partnership,<br><br>Plaintiffs,<br><br>v.<br><br>**ZTHY TECH INC.**, a California corporation; **batterymon16**, an entity of unknown form; **ehome007**, an entity of unknown form; **elecbrain15**, an entity of unknown form; **Idallian**, an entity of unknown form; **irelia_jt**, an entity of unknown form; **lol-electronic**, an entity of unknown form; **shop-siker**, an entity of unknown form; **shunwei2014**, an entity of unknown form; **sunflower-electronic**, an entity of unknown form; **suntek-wireless**, an entity of unknown form; **yolanda_dh1**, an entity of unknown form; and **DOES 1 through 20**,<br><br>Defendants. | Case No._1:19-cv-07210-RPK-RER<br><br>**PLAINTIFFS HP INC.'S AND HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P.'S RESPONSE TO DEFENDANTS' FAILURE TO FILE OPPOSITIONS TO PRELIMINARY INJUNCTION**<br><br>Judge:   Honorable Rachel P. Kovner<br>Date:    March 19, 2020<br>Time:    2:00 p.m.<br>Crtrm.:  4E-N |

TO THIS HONORABLE COURT AND ALL PARTIES, PLEASE TAKE NOTICE THAT: Plaintiffs HP, INC. and HEWLETT-PACKARD DEVELOPMENT COMPANY, L.P. ("Plaintiffs" or "HP") hereby file their response to defendants' failure to oppose the Temporary Restraining Order ("TRO"), which freezes assets in certain of defendants' financial accounts, becoming a Preliminary Injunction.

As described more fully below, with the exception of Zthy Tech, Inc., all defendants have been served with the summons, complaint, and all filings made to date in this action. None of the defendants subject to the TRO have filed an opposition to the TRO being converted into a preliminary injunction.

## I.     FACTS

Plaintiffs have filed a complaint that alleges each of the defendants engaged in counterfeit trafficking of HP batteries and adapters, in violation of the Lanham Act. [ECF

6070-23\4345981v1

1

Document # ("Doc.") 3]  With the exception of Zthy Tech, Inc. ("Zthy Tech"), all other defendants are identifiable only by the pseudonyms that they used to transact business on eBay. The only known means by which to contact those sellers is via the email addresses that they use to conduct their businesses.

On February 18, 2020, the Honorable Ann M. Donnelly, a United States District Judge to whom this matter was then assigned, issued several orders in this case that are relevant to the preliminary injunction that this Court is now considering.  She allowed that Plaintiffs could serve defendants batterymon16, ehome007, elecbrain15, Idallian, irelia_jt, lol-electronic, shop-siker, shunwei2014, sunflower-electronic, suntek-wireless, and yolanda_dh1 via email at the email addresses that they used to transact the illicit business that is the subject of this action.[1]  [Doc. 12]  She also entered a TRO that restrained assets held in the PayPal accounts that certain defendants[2] used to negotiate payments for those illegal sales.  [Doc. 13]

With the exception of Zthy Tech,[3] Plaintiffs have successfully served all Defendants ("Email Defendants").  Each of the Email Defendants was served with the summons, complaint, Plaintiffs' various ex parte applications to the Court, and the Court's orders, including the order

---

[1]  Defendant Zthy Tech, Inc. is a California corporation that has an agent for service of process registered with the California Secretary of State.  However, Plaintiffs have been unable to serve Zthy Tech through that agent.  Plaintiffs will be seeking leave of this Court to serve Zthy Tech through alternate means.

[2]  The TRO applies to the PayPal accounts held by every defendant, except Idallian.  At the time that Plaintiffs applied for the TRO, they lacked sufficient information to serve Idallian by any means.  As used in this filing "Defendants" shall refer to each of the named defendants who are subject to the TRO.

[3]  Notwithstanding Zthy Tech's apparent evasion of service, Plaintiffs believe that Zthy Tech has been notified of this action and has received copies of all filings.  Plaintiffs' counsel contacted an attorney who represented Zthy Tech in a previous dispute with HP to inquire whether the attorney could accept service on behalf of Zthy Tech.  That attorney indicated that he no longer represented Zthy Tech, but would forward all of the papers to the last email address he had for it. After that, Plaintiffs' counsel sent via email all filings to the email accounts through which Zthy Tech is known to transact business with eBay and PayPal.

that imposed the TRO, set the briefing schedule, and required Defendants' appearance for the hearing on an Order to Show Cause why the TRO should not be converted to a preliminary injunction.[4]  [Docs. 14-23]  Service upon the email addresses was effective as evidenced by the fact that Plaintiffs did not receive any delivery failure notifications.  (Concurrently filed Declaration of Louis P. Feuchtbaum In Support of Plaintiffs' Response to Defendants' Failure to File Oppositions to Preliminary Injunction ["Feuchtbaum Decl."], ¶ 1.)  Further, all Defendants received notice from PayPal that their accounts had been frozen.  (Feuchtbaum Decl. ¶ 2.)  In fact, PayPal's notification prompted defendants sunflower-electronic, lol-electronic, yolanda-dh1, and shunwei2014 to contact HP's counsel with objections to the asset freeze.  *Id.*  Defendants did not respond to HP's subsequent communications, which were sent after service of the summons and complaint was completed.  *Id.*  The Email Defendants were also served with a notice of the order that changed the hearing on the preliminary injunction to occur before this Court.[5]  [Doc. 24]

Despite having been served with the summons, complaint, Plaintiffs' *ex parte* applications, and the Court's order on those applications, none of the Defendants have filed an opposition to the preliminary injunction, nor have they indicated any intention to oppose it.  (Feuchtbaum Decl., ¶ 4.)  The deadline for that filing was March 6, 2020.

## II.    ARGUMENT

The TRO restraining the Email Defendants'[6] assets should become a preliminary

---

[4]  This service included explicit notice of the TRO, the briefing schedule set out in the TRO, and the date for the hearing on an Order to Show Cause why the TRO should not become a preliminary injunction.  (Feuchtbaum Decl., ¶ 3.)

[5]  Plaintiffs will serve all Email Defendants with notice that the time for the preliminary injunction hearing has been changed until 2 p.m., when it serves copies of this filing.

[6]  Plaintiffs request that the TRO remain in effect for Zthy Tech until such time that Zthy Tech is served with the summons, complaint, and all other process, and has had an opportunity to show cause why the TRO should not become a preliminary injunction.

injunction that remains in effect for the pendency of this action.  As previously determined by Judge Donnelly, Plaintiffs established all necessary elements for issuance of a preliminary injunction that freezes the assets held in the financial accounts that Defendants' used in their schemes to sell counterfeit HP batteries and adapters.  [Doc. 13]

As supported by the facts described in Plaintiffs' *ex parte* application that sought this asset freeze [Doc. 4], the court found that: (1) Plaintiffs are likely to prevail in their lawsuit against defendants, establishing that defendants engaged in trademark counterfeiting; (2) Plaintiffs are likely to show that Defendants *willfully* engaged in trademark counterfeiting; (3) Defendants used the PayPal accounts, which are subject to this order, to process the financial transactions associated with their trademark counterfeiting; (4) Defendants' behaviors indicate a likelihood that they would seek to avoid legal responsibility that would arise from this lawsuit by transferring the restrained assets beyond the United States' jurisdiction; (5) that Plaintiffs would be entitled to an equitable remedy for which restraint of the funds in Defendants' PayPal accounts are necessary; and, (5) that freezing those assets is necessary to preserve Plaintiffs' equitable remedies.  [Doc. 13, pp. 1-2]  None of the Email Defendants have offered facts or argument that could disturb these earlier findings.

## III.   CONCLUSION

For all of the foregoing reasons, and any others that this Court considers just, Plaintiffs request that the Temporary Restraining Order that froze the Email Defendants' assets become a preliminary injunction that remains in effect for the pendency of this action.

Plaintiffs further request that the Court allow the Temporary Restraining Order against defendant Zthy Tech to remain in effect until after Zthy Tech may be served and has an

opportunity to be heard regarding why the TRO should not become a preliminary injunction.

RESPECTFULLY SUBMTTED,

Dated: March 13, 2020

Louis R. Feuchtbaum
SIDEMAN & BANCROFT LLP
One Embarcadero Center, 22nd Floor
San Francisco, CA 94111
Telephone: (415) 392-1960
Email: lfeuchtbaum@sideman.com

*Counsel for Plaintiffs HP Inc. and Hewlett-
Packard Development Company, L.P.*